**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUROK TRIBE, | No.    18-15309 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-02471-RMI |
| v. | |
| RESIGHINI RANCHERIA; GARY DOWD, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Robert M. Illman, Magistrate Judge, Presiding

Argued and Submitted October 3, 2019
San Francisco, California

Before:  W. FLETCHER and PAEZ, Circuit Judges, and CHOE-GROVES,**
Judge.

The Yurok Tribe appeals the district court's dismissal of its action against

Defendant Gary Mitch Dowd ("Dowd") for failure to join an indispensable party

under Federal Rule of Civil Procedure 19.  We have jurisdiction under 28 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Jennifer Choe-Groves, Judge for the United States
Court of International Trade, sitting by designation.

§ 1291. We review for abuse of discretion a district court's dismissal on Rule 19 grounds but review de novo the underlying legal conclusions. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004). We affirm in part, reverse in part, and remand.

In 1988, Congress enacted the Hoopa-Yurok Settlement Act ("HYSA"), which partitioned tribal reservation lands between the Hoopa Valley Tribe and the Yurok Tribe. Hoopa-Yurok Settlement Act, Pub. L. No. 100-580, 102 Stat. 2924 (1988), *amended by* Pub. L. No. 101-301, § 9, 104 Stat. 206 (1990). The HYSA authorized the United States Secretary of the Interior to prepare a "Settlement Roll," a list of all people eligible to become members of the Hoopa Valley Tribe or Yurok Tribe. *Id.* § 5. Individuals listed on the Settlement Roll could elect one of three options: (1) join the Hoopa Valley Tribe; (2) join the Yurok Tribe; or (3) join neither tribe and accept a lump sum payment of $15,000 (the "lump sum payment option"). *Id.* § 6. The HYSA provided that individuals who elected the lump sum payment option "shall not thereafter have any interest or right whatsoever in the tribal, communal, or unallotted land, property, resources, or rights within, or appertaining to . . . the Yurok Reservation, or the Yurok Tribe[.]" *Id.* § 6(d)(3).

Although Dowd was eligible to join the Yurok Tribe, he elected the lump sum payment option and accepted the $15,000 payment. He completed an affidavit swearing under penalty of perjury that he had been "afforded the

opportunity to receive consultation regarding the disadvantages and advantages of each of the options[.]" Despite his election, Dowd continued to fish within the Yurok Reservation. The Yurok Tribe contends that Dowd's acceptance of the lump sum payment relinquished his right to fish—if any—such that his continued fishing violates the HYSA.[1] Defendants counter that an action against Dowd, a member of the Resighini Rancheria, may not proceed in the Rancheria's absence and thus, that the district court properly dismissed the suit.

Whether to dismiss for failure to join under Rule 19 is a three-part inquiry. We consider: (1) whether an absent tribe is "required"; (2) if required, whether it is "feasible" to join the absent tribe; and (3) if not feasible, whether the absent tribe is indispensable such that the litigation cannot proceed in its absence. Fed. R. Civ. P. 19. "Rule 19 cannot be applied in a vacuum, and it may require some preliminary assessment of the merits of certain claims." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 868 (2008). We conclude the Resighini Rancheria is not a required

---

[1] Before the district court, the Yurok Tribe separately contended that Dowd's fishing violated the Yurok Tribe's "exclusive federally reserved fishing right." To the extent the Yurok Tribe pursues this claim on appeal, we reject it. Our precedent plainly establishes that an action to declare the scope of one tribe's rights in relation to those of neighboring tribes requires joinder of the latter. *See e.g.*, *Makah Indian Tribe v. Verity*, 910 F.2d 555, 559 (9th Cir. 1990); *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991). A declaration that the Yurok Tribe's fishing right is "exclusive" would necessarily declare the fishing right of the Resighini Rancheria to be non-existent. The district court properly dismissed that claim.

3

party under Rule 19(a)(1).

**1.** First, the court can accord complete relief in the Resighini Rancheria's absence. Fed. R. Civ. P. 19(a)(1)(A). A judicial declaration that Dowd's acceptance of the lump sum payment relinquished his right to fish would accord "[t]otally effective" and thus "complete relief" as between the Yurok Tribe and Dowd. *United States ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901, 908 (9th Cir. 1994).

**2.** Second, the Resighini Rancheria's interests would not be impaired or impeded if the action against Dowd in his individual capacity proceeds in the Resighini Rancheria's absence. Fed. R. Civ. P. 19(a)(1)(B)(i); *Makah Indian Tribe*, 910 F.2d at 559. If the district court determines that Dowd's receipt of the lump sum payment terminated his right to fish, the Resighini Rancheria (and its other members) would remain no more or less free to fish within the Yurok Reservation. The same is true if the district court determines the opposite. Either way, the suit would not impair or impede any claimed interest of the Resighini Rancheria.

**3.** Finally, a declaration that Dowd did or did not violate the HYSA would not leave an existing party "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations[.]" Fed. R. Civ. P. 19(a)(1)(B)(ii). Defendants do not appear to contend otherwise.

4

Accordingly, we conclude the Resighini Rancheria was not a "required" party under Rule 19(a) and thus cannot be an indispensable party under Rule 19(b). We vacate the judgment and hold that the district court abused its discretion in dismissing the Yurok Tribe's HYSA claim against Dowd in his individual capacity and remand for further proceedings.[2]

The parties shall bear their own costs.

**VACATED, AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[2] Because we resolve this appeal on the basis of allegations in the complaint and documents attached to the complaint, Defendants-Appellees' Motion to Strike, Dkt. No. 17, is denied as moot.